Susan B. Padove, Senior Trial Attorney
Susan Gradman, Chief Trial Attorney
Division of Enforcement
U.S. Commodity Futures Trading Commission
525 W. Monroe Street, Suite 1100
Chicago, Illinois 60661
Telephone:  (312) 596-0544 (Padove)
Telephone:  (312) 596-0523 (Gradman)
Facsimile:  (312) 596-0714
spadove@cftc.gov
sgradman@cftc.gov

# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA
# LAS VEGAS DIVISION

| | |
|---|---|
| UNITED STATES COMMODITY FUTURES TRADING COMMISSION, | Civil Action No. |
| Plaintiff, | **STATUTORY RESTRAINING ORDER** |
| v. | |
| TRADEMASTERS, USA, LLC and MIRKO SCHACKE, an individual, | |
| Defendants. | |

Having reviewed the Complaint for Injunctive and Other Equitable Relief and Penalties Under the Commodity Exchange Act ("Complaint") against Defendants Mirko Schacke ("Schacke") and TradeMasters USA, LLC ("TradeMasters") filed by Plaintiff Commodity Futures Trading Commission ("CFTC" or "Commission"), Plaintiff's Motion for a Statutory Restraining Order ("Motion"), the Memorandum in Support of Plaintiff's Motions for a Statutory Restraining Order and Preliminary Injunction submitted in support of the Motion ("Memorandum") and the declarations and attachments thereto, and being fully advised in the premises,

**THE COURT FINDS:**

1

1. This Court has jurisdiction over Defendants and the subject matter of this action pursuant to Section 6c(a) of the Commodity Exchange Act (the "Act"), 7 U.S.C. § 13a-1(a) (2012), which authorizes this Court to enter a statutory restraining order against Defendants.

2. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e).

3. It appears that there is good cause to believe that Defendants have engaged, are engaging, and/or are about to engage in violations of the Act and CFTC Regulations. Specifically, it appears that Defendants have violated Sections 4b(a)(1)(A) and (C), 4k(3), 4m(1) 4o(1), and 6(c)(1) of the Commodity Exchange Act ("Act"), 7 U.S.C. §§ 6b(a)(1)(A) and (C), 6k(3), 6m(1), 6o(1) and 9(1), and Commission Regulations ("Regulations") 4.41 and 180.1(a), 17 C.F.R. §§ 4.41 and 180.1(a)(2015).

4. It further appears that that there is good cause to believe immediate and irreparable harm to the Court's ability to grant effective final relief to the customers in the form of monetary redress will occur from the destruction of records unless Defendants are immediately restrained and enjoined by order of this Court. Accordingly, there is good cause to issue this Order.

## ORDER

## DEFINITIONS

For the purposes of this Order, the following definitions apply:

5. "Document" is synonymous in meaning and equal in scope to the usage of the term in FED. R. CIV. P. 34(a) and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

6. "Defendants" refers to Schacke and TradeMasters, and all persons insofar as they are acting in the capacity of Defendants' agents, servants, successors, employees, assigns, and attorneys, and all persons insofar as they are acting in active concert or participation with

2

Defendants who receive actual notice of this Order by personal service or otherwise, including electronic mail, facsimile, United Parcel Service, or Federal Express.

### RELIEF GRANTED

### I.    PROHIBITION OF DESTRUCTION OF BOOKS AND RECORDS

**IT IS HEREBY ORDERED** that Defendants are restrained and enjoined from directly or indirectly destroying, mutilating, concealing, altering, or disposing of, in any manner, any books, records, or other documents that relate or refer to the business activities and/or business and personal finances of any Defendant, including all such records concerning Defendants' solicitation, banking and trading activities, wherever located.

Any financial or brokerage institution, business entity, or person that receives notice of this Order by personal service or otherwise shall not, in active concert or participation with any Defendant, directly or indirectly destroy, mutilate, erase, alter, conceal or dispose of, in any manner, any records relating to the business activities and business and personal finances of any Defendant.

### II.    ACCESS TO AND INSPECTION OF BOOKS AND RECORDS

**IT IS FURTHER ORDERED** that representatives of the CFTC be allowed immediately to inspect the books, records, and other documents of Defendants and their agents, including all records concerning Defendants' solicitation, banking and trading activities, wherever they may be situated and whether they are in the possession of Defendants or others, and to copy said books, records, and other documents, either on or off the premises where they may be situated.

Defendants shall promptly provide Commission staff with:

A.    all passwords and identification numbers for all websites, cloud storage services, email and smartphone accounts, and all accounts at any bank, financial institution or brokerage firm (including any introducing broker or futures commission merchant) owned, controlled or operated by Defendants, or to which the Defendants have access; and

     B.    all passwords to, and the location, make and model of, all computers and/or mobile electronic devices owned and/or used by Defendants in connection with their business activities and business and personal finances.

     Within 48 hours of complying with this Order to provide the Commission with immediate access to records described above, Defendants (or their counsel) shall contact Plaintiff's counsel to assert any claims of privilege to Plaintiff's review of the full contents of any computer or other electronic device containing any records that are subject to this Order and promptly cooperate with Plaintiff's counsel to develop reasonable protocols to isolate and prevent disclosure of claimed privileged materials to the Commission's attorneys and other staff who are part of the litigation team in this matter, while fully complying with this Court's Order to permit Plaintiff full and immediate access to the books and records which relate to Defendants' business activities and business and personal finances. Absent such objections, Plaintiff may review the full contents. However, Defendants' failure to assert privileges as provided herein is not intended to constitute a waiver of any claims of privilege or have any effect on the applicability of Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure and Rule 502 of the Federal Rules of Evidence.

     Moreover, when inspecting records that are subject to this Order contained on computer(s) and/or other electronic device(s), the Commission should undertake reasonable measures to prevent review of the Defendants' privileged communications by the Commission's attorneys and other staff who are part of the litigation team in this matter.

     **IT IS FURTHER ORDERED** that any financial or brokerage institution, business entity, or person that receives actual notice of this Order and holds, controls, or maintains custody of any account or asset titled in the name of, held for the benefit of, or otherwise under the control of any Defendants, or has held, controlled, or maintained custody of any such account or asset of any Defendants at any time since June 1, 2013 shall not, in active concert or participation with Defendants, deny a request by the Commission to inspect all records pertaining to every such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers

4

to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs. As an alternative to allowing inspection of records, a financial or brokerage institution, business entity or other person may provide copies of records requested by the Commission.

### III. SERVICE OF ORDER AND ASSISTANCE OF U.S. MARSHALS SERVICE

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including personal service, United Parcel Service, Federal Express, or other commercial overnight service, email, facsimile, Rule 5 of the Federal Rules of Civil Procedure, or Articles 2 through 10 of the Hague Convention, Service Abroad of Judicial and Extrajudicial Documents, upon any financial institution or other entity or person that may have possession, custody, or control of any documents of Defendants or that may be subject to any provision of this Order. Joseph Patrick and Venice Bickham, employees of the CFTC, are hereby specially appointed to serve process, including of this Order and all other papers in this case.

**IT IS FURTHER ORDERED** that the U.S. Marshals Service is directed to assist the CFTC with service of process, including of the Summons and Complaint and all other papers in this case, as well as assist the CFTC with taking control and custody of the records and business premises of Defendants.

### IV. PERSONS BOUND BY THIS ORDER

This Order is binding on any person who receives actual notice of this Order by personal service or otherwise and is acting in the capacity of an officer, agent, servant, employee, or attorney of the Defendants, or is in active concert or participation with Defendants.

### V. BOND NOT REQUIRED OF PLAINTIFF

**IT IS FURTHER ORDERED THAT** pursuant to Section 6c(b) of the Act, 7 U.S.C. § 13a-1(b) (2012), no bond need be posted by the CFTC, which is an agency of the United States of America.

### VI. SERVICE ON THE COMMISSION

**IT IS FURTHER ORDERED** that Defendants shall serve all pleadings, correspondence, notices required by this Order, and other materials on the CFTC by delivering a

copy to Susan Padove, Senior Trial Attorney, Division of Enforcement, U.S. Commodity Futures Trading Commission, 525 W. Monroe St., Suite 1100, Chicago, Illinois, 60661 and/or by filing such pleadings or other materials electronically with the Court.

### VII.   COURT MAINTAINS JURISDICTION

**IT IS FURTHER ORDERED** that this Order shall remain in full force and effect until further order of this Court upon application, notice, and an opportunity to be heard, and that this Court retains jurisdiction of this matter for all purposes.

### VIII.   FURTHER COURT HEARINGS

**IT IS FURTHER ORDERED** that this matter is set for a status hearing on _____N/A_____, and that Plaintiff's Motion for Preliminary Injunction is set for hearing on Friday, August 26, 2016 at 9:00AM in Las Vegas Courtroom 7D.

**IT IS SO ORDERED.**

**IT IS FURTHER ORDERED** that the Response to Plaintiff's Motion for Preliminary Injunction is due by 5:00PM on Monday, August 22, 2016, and the Reply to Plaintiff's Motion for Preliminary Injunction is due by 5:00PM on Wednesday, August 24, 2016.

_____
U.S. District Court Judge

DATED: August 15, 2016