**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
LAS VEGAS DIVISION**

| | |
|---|---|
| UNITED STATES COMMODITY FUTURES TRADING COMMISSION,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>TRADEMASTERS, USA, LLC and MIRKO SCHACKE, an individual,<br><br>　　　　　　Defendants. | **Civil Action No.** 2:16-cv-01938-GMN-NJK<br><br>[▇▇▇▇▇▇▇] ORDER GRANTING PLAINTIFF CFTC'S MOTION FOR PRELIMINARY INJUNCTION AND OTHER EQUITABLE RELIEF |

On August 15, 2016, Plaintiff, United States Commodity Futures Trading Commission ("Commission" or "CFTC"), filed a Complaint against Defendants TradeMasters, USA, LLC ("TradeMasters") and Mirko Schacke ("Schacke") (collectively "Defendants"), seeking injunctive and other equitable relief, as well as the imposition of civil penalties, for violations of the Commodity Exchange Act ("Act"), 7 U.S.C. §§ 1 *et seq.* (2012), and Commission Regulations, 17 C.F.R. §§ 1 *et seq.* (2015).  This Court entered an *ex parte* Statutory Restraining Order ("SRO") prohibiting the destruction of books, records, or other documents. (ECF No. 7). Service of the SRO was properly made on the Defendants on August 24, 2016.

## I.  FINDINGS BY THE COURT

This matter comes before this Court on the Motion for Preliminary Injunction filed by the CFTC. (ECF No. 5).  The Court having considered the pleadings, declarations, exhibits, and the incorporated memoranda of law filed in support of the CFTC's Motion, the arguments and testimony presented by the CFTC and Defendant Schacke who appeared at the hearing on the Motion for Preliminary Injunction, including the testimony of Darin Goodrum, Joseph Patrick and Mirko Schacke, and the Court being fully advised in the premises,

**THE COURT FINDS:**

　　1.　　This Court has jurisdiction over the subject matter of this action and Defendants pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, which authorizes the Commission to seek

injunctive relief against any person whenever it shall appear that such person has engaged, is engaging or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation, or order thereunder.

2. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e), in that Defendants reside in this District and the acts and practices in violation of the Act have occurred within this District.

3. The CFTC has alleged in its Complaint and has now presented evidence that, from as early as June 2013 through the present, the Defendants Schacke and TradeMasters fraudulently solicited and accepted $163,626 from 38 public customers who purchased automated trading software that they sold under the TradeMasters name. The CFTC further alleged in its Complaint and has now offered evidence that the Defendants made numerous misrepresentations about the past trading results of their trading system to these public customers and used false and misleading customer testimonials to solicit investors to buy their software. Further, the CFTC alleged in its Complaint and has now offered evidence that the Defendants exercised discretionary trading authority over at least two customer trading accounts without appropriate registrations with the Commission. Finally, the CFTC alleged in its Complaint and has now offered evidence that the Defendants failed to include required disclosures in connection with their testimonials.

4. It appears to the satisfaction of the Court that there is good cause to believe that Defendants have engaged in, are engaging in, or are likely to engage in acts and practices that violate Sections 4b(a)(1)(A) and (C), 4m(1), 4k(3), 4*o* and 6(c)(1), of the Act, 7 U.S.C. §§ 6b(a)(1)(A) and (C), 6m(1), 6k(3), 6*o* and 9(1) (2012), and Regulations 180.1(1) and 4.41, 17 C.F.R. §§ 180.1 and 4.41 (2015). Furthermore, there is a reasonable likelihood that the CFTC will prevail on the merits of this action.

5. Consequently, the Court is satisfied that this is a proper case for granting a preliminary injunction to preserve the *status quo*, remove the danger of further violations of the Act, protect investors and prospective investors from further loss and damage and enable the CFTC to fulfill its statutory duties.

For the purposes of this Order, the following definitions apply:

6. The term "document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

7. The term "Defendants" refers to Mirko Schacke, individually and TradeMasters USA, LLC, and any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee, or attorney of Defendants and any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in concert or participation with Defendants. "Defendants" also refers to any d/b/a, successor, affiliate, subsidiary, or other entity owned, controlled, managed, or held by, on behalf of, or for the benefit of Mirko Schacke or TradeMasters.

8. Section 1a(12) of the Act, 7 U.S.C. § 1a(12) (2012), defines a Commodity Trading Advisor ("CTA"), in relevant part, as any person who, for compensation or profit, engages in the business of advising others, either directly or through publications, writings, or electronic media, as to the value of or the advisability of trading in any contract of sale of a commodity for future delivery made or to be made on or subject to the rules of a contract market.

9. An associated person ("AP") of a CTA is defined, in relevant part, as any natural person associated with a CTA "as a partner, officer, employee, consultant, or agent (or any natural person occupying a similar status or performing similar functions), in any capacity which involves (i) the solicitation of a client's or prospective client's discretionary account, or (ii) the supervision of any person or persons so engaged." 17 C.F.R. § 1.3(aa)(3).

10. This Court finds that the Plaintiff has made a *prima facie* case that violations of the Commodity Exchange Act and Regulations promulgated thereunder have occurred and will continue to occur, as follows:

11. As alleged in Count One of the Complaint, the Court finds that the Plaintiff has made a showing of a reasonable likelihood of success on the merits that the Defendants have knowingly and recklessly made material misrepresentations or attempted to deceive members of the public and that they did so with scienter, including by misrepresenting that:

    a. the TradeMasters software was fully automated and could result in profitable trading for customers without "coaching" from Schacke;

    b. hypothetical trading profits were actual trading profits;

    c. that TradeMasters' "coaches" have more than 2 decades of active day trading experience when Schacke was the only "coach" and had no futures trading experience prior to marketing the TradeMasters software in June 2013;

    d. a customer gained more than 500% in 2014;

    e. a customer gained more than 40% "in only 10 weeks;"

    f. "most users manage to generate a monthly income of 5 to $10,000;"

    g. some customers "quickly reached [income of] 15 to $30,000 each and every month;

    h. a 300% return in just three months was earned by a "real customer;"

      i. a video testimonial came from a purported "real customer" when the testimonial was from a paid actor and actually reported selected results from Schacke's proprietary account; and

      j. reported profits were earned with new software Schacke began marketing at the end of 2014 when they were actually earned with the old TradeMasters software no longer made available to prospective customers;

and that they therefore violated Sections 4b(a)(1)(A) and (C) of the Act, 7 U.S.C. § 4b(a)(1)(A) and (C) (2012).

12. As alleged in Count Two of the Complaint, the Court finds that the Plaintiff has made a showing of a reasonable likelihood of success on the merits that the Defendants have traded on behalf of public customers and that they have held themselves out as CTAs in violation of Section 4m(1) of the Act, 7 U.S.C. § 6m(1) (2012).

13. As alleged in Count Three of the Complaint, the Court finds that the Plaintiff has made a showing of a reasonable likelihood of success on the merits that Defendant Schacke has solicited at least two customers' discretionary trading accounts without the benefit of registration with the Commission as an AP of TradeMasters, in violation of Section 4k(3) of the Act, 7 U.S.C. § 6k(3) (2012).

14. As alleged in Count Four of the Complaint, the Court finds that the Plaintiff has made a showing of a reasonable likelihood of success on the merits that Defendant TradeMasters, while acting as a CTA, and Defendant Schacke, while acting as an AP of a CTA, have intentionally, by use of mail and other instrumentalities of interstate commerce, including email and its own website, engaged in conduct that operated as a fraud or deceit upon public customers, in violation of Section 4*o* of the Act, 7 U.S.C. § 6*o* (2012).

15. As alleged in Count Five of the Complaint, the Court finds that the Plaintiff has made a showing of a reasonable likelihood of success on the merits that the Defendants have intentionally used manipulative or deceptive devices or contrivances in connection with any contract of sale of any commodity in interstate commerce, in violation of Section 6(c)(1) of the Act, 7 U.S.C. § 9(1)(2012) and Regulation 180.1(a), 17 C.F.R. § 180.1(2015).

16. As alleged in Count Six of the Complaint, the Court finds that the Plaintiff has made a showing of a reasonable likelihood of success on the merits that the Defendants have failed to include in connection with their references to testimonials used in solicitations of public customers the prominent disclosure of the following: (a) that the testimonial many not be representative of the experience of other clients; and (b) that the testimonial is not guarantee of future performance or success, in violation of Regulation 4.41(a)(3), 17 C.F.R. § 4.41(a)(3) (2015).

17. The Court finds that the Plaintiff has made a showing of a reasonable likelihood of success on the merits that Defendant Schacke controlled TradeMasters, as he was the sole owner and manager of TradeMasters and managed the TradeMasters' website and exercised control and a lack of good faith and knowing inducement of the various acts of TradeMasters, including his creation of the material misrepresentation on the TradeMasters' website, and Schacke therefore is liable for TradeMasters' violations of the Act as a controlling person under Section 13(b) of the Act, 7 U.S.C. § 13c(b) (2012).

18. The Court finds that the Plaintiff has made a showing of a reasonable likelihood of success on the merits that Defendant Schacke's actions were committed within the scope of his employment with and operation of TradeMasters as he was the owner and manager of TradeMasters, and therefore, TradeMasters is liable for Schacke's individual acts constituting

6

violations of the Act and Regulations, under Section 2(a)(1)(B) of the Act, 7 U.S.C. § 2(a)(1)(B)(2012).

## ORDER OF PRELIMINARY INJUNCTION AND OTHER EQUITABLE RELIEF

**IT IS HEREBY ORDERED** that:

19. Defendants and all persons insofar as they are acting in the capacity of Defendants' agents, servants, employees, successors, assigns, or attorneys, and all persons insofar as they are acting in concert or participation with Defendants who receive actual notice of this order by personal service or otherwise, shall be prohibited and restrained, until further order of the Court, from directly or indirectly violating Sections 4b(a)(1)(A) and (C), 4m(1), 4k(3), 4*o* and 6(c)(1), of the Act, 7 U.S.C. §§ 6b(a)(1)(A) and (C), 6m(1), 6k(3), 6*o* and 9(1) (2012), and Regulations 180.1(1) and 4.41, 17 C.F.R. §§ 180.1 and 4.41(2015).

20. Defendants are further restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly:

   a. Trading on or subject to the rules of any registered entity, as that term is defined in Section 1a(40) of the Act, 7 U.S.C. § 1a(40) (2012), including, but not limited to, trading for themselves or others;

   b. Entering into any transactions involving "commodity interests" (as that term is defined in regulation 1.3(yy), 17 C.F.R. § 1.3(yy) (2015) for their own personal account or for any account in which they have a direct or indirect interest;

   c. Having any commodity interests traded on their behalf;

   d. Controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests;

   e. Soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity interests;

   f. Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except

as provided for in Commission Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2015);

 g. Acting as a principal (as that term is defined in Commission Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2015)), agent or any other officer or employee of any person registered, exempted from registration or required to be registered with the Commission, except as provided for in Commission Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2015);

## CESSATION OF COMMODITY TRADING EDUCATION ACTIVITIES

21. Defendants are further restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly educating or advising any other person or entity about the suitability of engaging in any transactions involving commodity interests, including, but not limited to, trading through the use of any computer software program.

## DISABLEMENT OF WEBSITE AND OTHER INTERNET DEVICES

22. Within ten days after entry of this Order, Defendants shall do whatever is necessary to insure that all internet websites used by them to advertise, market, promote or offer for sale any transactions involving commodity interests and related services be deleted and made inaccessible to the public, including, but not limited to, any automated commodity futures trading software and the website identified as: www.trademastersusa.com.

23. Within ten days after entry of this Order, Defendants shall do whatever is necessary to insure that the registration for all domain names for all internet websites used by them to advertise, market, promote or offer for sale any transactions involving commodity interests and related services be withdrawn, including, but not limited to, the website identified as: www.trademastersusa.com.

24. Within ten days after entry of this Order, Defendants shall do whatever is necessary to insure that all Facebook Pages used by them to advertise, market, promote or offer for sale any transactions involving commodity interests and related services be deleted and made inaccessible to the public, including, but not limited to, the "TradeMasters USA" Facebook page.

8

25. Within ten days after entry of this Order, Defendants shall do whatever is necessary to insure that all YouTube videos used by them to advertise, market, promote or offer for sale any transactions involving commodity interests and related services, including, but not limited to, any automated commodity futures trading software, be deleted and made inaccessible to the public.

**PROHIBITION ON DESTRUCTION OF, AND ACCESS TO, BOOKS AND RECORDS**

**IT IS FURTHER ORDERED THAT:**

26. Defendants and all persons or entities who receive notice of this Order by personal service or otherwise, including electronic mail, facsimile, United Parcel Service, or Federal Express, are restrained and enjoined from directly or indirectly destroying, mutilating, erasing, altering, concealing, or disposing of, in any manner, directly or indirectly, any documents that relate to the business operations or practices, or the business or personal finances, of Defendants.

27. Defendants and all persons insofar as they are acting in the capacity of Defendants' agents, servants, successors, employees, assigns, and attorneys, and all persons insofar as they are acting in active concert or participation with Defendants who receive actual notice of this Order by personal service or otherwise, including email, facsimile, and UPS or other commercial overnight service, are enjoined and prohibited from directly or indirectly refusing to permit authorized representatives of the Commission to inspect, when and as requested, any documents as defined herein, including any books and records, correspondence, brochures, manuals, electronically stored data, tape records, computers or other property of Defendants, wherever located, including, but not limited to, all such records concerning Defendants' business operations or practices and Defendants' business or personal finances.

9

### BOND NOT REQUIRED OF PLAINTIFF

**IT IS FURTHER ORDERED THAT:**

28. Because Plaintiff CFTC is an agency of the United States of America and has made a proper showing under Section 6c(b) of the CEA, 7 U.S.C. § 13a-1(b) (2012), this restraining order is granted without bond.

### SERVICE OF ORDER

**IT IS FURTHER ORDERED THAT:**

29. Copies of this Order may be served by any means, including personal service, electronic mail, facsimile transmission, United Parcel Service, Federal Express, other commercial overnight service, or pursuant to Rule 5 of the Federal Rules of Civil Procedure and Articles 2 through 10 of the Hague Convention, Service Abroad of Judicial and Extrajudicial Documents, upon any entity or person that may have possession, custody, or control of any documents of Defendants, or that may be subject to any provision of this Order.  Joseph Patrick and other employees of the Commission are hereby specially appointed to serve process, including this Order and all other papers in this cause.

### SERVICE ON THE COMMISSION

**IT IS FURTHER ORDERED THAT:**

30. Defendants shall serve all pleadings, correspondence, notices required by this Order, and other materials on the CFTC by delivering a copy to Susan B. Padove, Senior Trial Attorney, Division of Enforcement, U.S. Commodity Futures Trading Commission, 525 W. Monroe St., Suite 1100, Chicago, Illinois 60661 and/or by filing such pleadings or other materials electronically with the Court pursuant to the Court's requirements.

**COURT MAINTAINS JURISDICTION**

**IT IS FURTHER ORDERED THAT:**

31. This Order shall remain in effect until further order of the Court and the Court shall retain jurisdiction over this action to ensure compliance with this Order and for all other purposes related to this action. This Order supersedes the statutory restraining order entered by the Court on August 15, 2016.

**IT IS SO ORDERED** at Las Vegas, Nevada on this __22__ day of September, 2016.

_____
Gloria M. Navarro, Chief Judge
UNITED STATES DISTRICT JUDGE