Susan B. Padove, Senior Trial Attorney
Susan Gradman, Chief Trial Attorney
Division of Enforcement
U.S. Commodity Futures Trading Commission
525 W. Monroe Street, Suite 1100
Chicago, Illinois 60661
Telephone:  (312) 596-0544 (Padove)
Telephone:  (312) 596-0523 (Gradman)
Facsimile:  (312) 596-0714
spadove@cftc.gov
sgradman@cftc.gov

*Attorneys for the Plaintiff, US CFTC*

# THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA
## LAS VEGAS DIVISION

| | |
|---|---|
| UNITED STATES COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>TRADE MASTERS, USA, LLC and MIRKO SCHACKE, an individual,<br><br>Defendants. | **Civil Action No. 2:16-CV-01938-GMN-NJK**<br><br>**PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER TO PERMANENTLY SEAL DEFENDANT SCHACKE'S RESPONSE TO THE CFTC'S MOTION FOR SUMMARY JUDGMENT** |

Pursuant to Federal Rule of Civil Procedure 5.2, Plaintiff U.S. Commodity Futures Trading Commission ("Commission" or "Plaintiff") respectfully moves the Court for an order permanently sealing and prohibiting a non-party's remote access to the electronic file which contains, sensitive, personal information about Defendant Mirko Shacke's ("Schacke's") spouse, "K.S.").  Schacke included this information in the document he filed on January 10, 2017 [Doc. No. 63], which filing was in response to Plaintiff's Motion for Summary Judgment ("SJ Motion") [Doc. No.   47], and was

captioned "Opposition to Reply to Plaintiff's Motion for Summary Judgement" ("SJ Response").

## I. FACTUAL BACKGROUND

On December 20, 2016, the Plaintiff filed its SJ Motion against Schacke. [Doc. No. 47] The SJ Motion puts at issue, among other things, the pecuniary relief sought against Schacke if the Court finds liability against him on the charges of violating the Commodity Exchange Act. In response to the SJ Motion, Schacke's SJ response, in part, alleges that lesser monetary penalties be imposed upon him because his family has already "suffered . . . greatly under the stress of this case." [Doc. No. 63 at p. 8] As support for the claim that his family has already suffered, Schacke introduces conclusory information about his marriage being in jeopardy and alleged medical consequences suffered by his wife, K.S., due to the "high stress caused by this pending case." The information included in Schacke's SJ Response is supported by a purported copy of his wife's medical records. [Doc. No. 63 at pp. 11-16]

## II. GOOD CAUSE EXISTS TO ENTER A PROTECTIVE ORDER

Federal Rule of Civil Procedure 5.2(d) provides that the Court may order a filing to be made, under seal, without redaction and Rule 5.2(e) provides that a document filed in a case may also be prohibited from remote electronic access by a non-party. Although there is a general right that the public has access to court records, the right to such access is not absolute and may be limited by the federal rules because "[e]very court has supervisory powers over its own records and files. *Hagestad v. Tragesser,* 49 F. 3d 1430, 1433-34 (9th Cir. 1995). *See, also, Nixon v. Warner Communications, Inc.,* 435 U.S. 589,598 (1978) (stating that compelling reasons justifying sealing of court documents exist when such documents might "become a vehicle of improper purposes.")

1  In particular, the Supreme Court in *Nixon,* 435 U.S. 589,598 (1978) noted, for
2  instance, that "the common law right of inspection has bowed before the power of a court
3  to insure that its records are not 'used to gratify private spite or promote public scandal'
4  through the publication of 'the painful and sometimes disgusting details of a divorce
5  case' (citations omitted) . . . Similarly, courts have refused to permit their files to serve as
6  reservoirs of libelous statements . . . (citations omitted)."  In *Kamakana v. City and
7  County of Honolulu,* 447 F. 3d 1172, 1179-80 (9th Cir. 2006), the court held that the
8  strong presumption for public access to judicial records is also rebuttable where
9  information in documents, especially those attached to non-dispositive motions, "are
10 often unrelated, or only tangentially related, to the underlying cause of action." Finally, in
11 weighing the common law right of access, a court must weigh all of the relevant factors
12 in determining whether "good cause" exists to enter a protective order.  *Phillips ex rel
13 Estates of Byrd v.General Motors Corp.,* 307 F. 3d 1206 (9th Cir. 2002) (case remanded
14 with instructions to conduct a "good cause" analysis, taking into account whether
15 particularized harm or prejudice would result from disclosure of confidential settlement
16 information).
17  In this case, good cause exists to protect information in Schacke's SJ Response
18 filing from disclosure to the public.  The sensitive, private medical information about
19 Schacke's spouse, K.S., who is not a party to this case, was included in the text of
20 Schacke's brief [Doc. No. 63 at p. 8] and a supporting document of medical records was
21 also attached to Schacke's SJ Response [Doc. No. 63 at pp. 11-16].  There is nothing
22 about K.S.'s medical history that has any relevance at all to this case as her medical
23 condition is not an element of any claim or defense raised by either party.
24  Schacke is a *pro se* litigant.  The Plaintiff can only speculate as to Schacke's
25 motives in making these disclosures about K. S.'s medical condition as they are wholly
26
27
28

irrelevant to the issues for disposition by the court.  Further, it is entirely unclear whether K.S.'s consent to the use of her medical records was obtained or even requested by Schacke before he attached them to his response.  K.S. may be completely unaware that her medical privacy has been compromised by Schacke, giving rise to the concerns that these court files are being used as a vehicle for "improper purposes" as articulated by the Court in *Nixon,* 435 U.S. at 589.  (1978)   Moreover, courts have generally recognized the need to protect medical privacy as a "compelling reason" to afford protection by putting such documents under seal.  *See, e.g., Karpenski v. American General Life Companies, LLC,* 2013 WL 5588312 (W.D. Wash. 2013) (granting motion to seal documents that contain copies of a party's private medical records). The Court in *Karpenski* relied upon the fact that such protection was an entitlement where privacy is ensured by Federal law, namely the *Health Insurance Portability and Accountability Act (HIPAA),* Pub. L. 104-191 (1996) (regulating the use and disclosure of "Protected Health Information.").

### III.     CONCLUSION

For the aforementioned reasons, the Commission respectfully requests that a Protective Order be entered placing Shacke's SJ Response [Doc. No. 63] under seal and that all nonparties be prohibited from remotely electronically accessing this document.

Dated:  January 24, 2017                                        Respectfully submitted,

**/s/Susan B. Padove**
Susan B. Padove
Senior Trial Attorney
spadove@cftc.gov
Illinois A.R.D.C. No. 3127019
Indiana No. 11477-98

Susan Gradman
Chief Trial Attorney
sgradman@cftc.gov
Illinois A.R.D.C. No. 6225060___

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Commodity Futures Trading Commission
525 West Monroe Street, Suite 1100
Chicago, Illinois 60661
(312) 596-0544 (Padove)
(312) 596-0700 (office number)
(312) 596-0714 (facsimile)